IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03751-KAS

KALEB SHARPE,

Plaintiff,

v.

GABRIEL ROMERO, and
THANOS TRUCKING, INC.,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion to Strike Defendant Thanos Trucking, Inc.'s and Defendant Gabriel Romero's Designation of Non-Party at Fault** [#18] (the "Motion"). Defendants filed a Response [#28], and Plaintiff filed a Reply [#29]. The case has been referred to the undersigned for all purposes on consent of the parties. *Signed Consent/Non-Consent Form* [#21]; *Order of Reference* [#22]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Motion [#18] is **DENIED**.

## I. Background

This matter arises from a collision that occurred in Rio Grande County, Colorado, on April 29, 2025. *Compl.* [#5] ¶¶ 5, 14. Plaintiff alleges that, on the date of the collision, he was working at a farming building where he was loading and moving potatoes. *Id.* ¶¶ 7-8. Defendant Romero—acting in the course and scope of his employment with Defendant Thanos Trucking, Inc.—was operating a vehicle on site. *Id.* ¶¶ 9-10. Plaintiff

instructed Romero to pull the vehicle forward and turned to monitor a piece of farming equipment. *Id.* ¶¶ 11-12. Defendant Romero backed up instead of pulling forward, hitting Plaintiff. *Id.* ¶ 13. As a result, Plaintiff sustained significant damages and injuries. *Id.* ¶ 33. On December 22, 2025, Defendants designated Plaintiff's employer, Cx2 Ag Producers, LLC, as a potential nonparty at fault pursuant to Colo. Rev. Stat. § 13-21-111.5. *Notice of Designation* [#15].

## II. Legal Standard

This Court, sitting in diversity, is bound by Colorado statutes when deciding questions of substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In determining a defendant's liability, Colorado's Pro-Rata Liability Statute, Colo. Rev. Stat. § 13-21-111.5, allows the Court to consider the negligence or fault of nonparties. Specifically, a defendant may give written notice designating nonparties believed to be wholly or partially at fault for the injury at issue. For a designation of a nonparty to be proper, the moving party must give notice of the designation within 90 days of the commencement of the action, unless the Court considers a longer period necessary. COLO. REV. STAT. § 13-21-111.5(3)(b). The notice must set forth the "nonparty's name and last-known address, or the best identification of such nonparty which is possible under the circumstances, together with a brief statement of the basis for believing such nonparty to be at fault." *Id.* Nonparty designation "ensures that parties found liable will not be responsible for more than their fair share of the damages." *Pedge v. RM Holdings, Inc.*, 75 P.3d 1126, 1128 (Colo. App. 2002).

### III. Analysis

Plaintiff argues that Defendants' designation of Cx2 AG Producers as a nonparty at fault should be stricken for two reasons. First, statutory employers cannot be designated as nonparties at fault because the exclusive remedy against a statutory employer is workers' compensation insurance. *See Motion* [#18] at 2-3 (citing COLO. REV. STAT. §§ 8-41-102, -401). Second, the designation fails to present a prima facie case of negligence against Cx2 AG Producers.

### A. Statutory Immunity from Suit

Although it is true that Plaintiff cannot recover damages from Cx2 AG Producers, it does not follow that it may not be designated as a nonparty at fault. In *Inland/Riggle Oil Co. v. Painter*, 925 P.2d 1083 (Colo. 1996) (en banc), the Colorado Supreme Court permitted the designation of an employer as a nonparty at fault, notwithstanding its immunity from suit under the worker's compensation statute. The court squarely rejected the plaintiff's argument that statutory employers cannot be designated as nonparties at fault in favor of the "equitable principle that a person or entity whose negligence does not exceed 50 percent of the combined negligence of all persons or entities whose conduct contributed to the injuries should not be prohibited from recovering damages for the injuries primarily caused by others." *Id.* at 1086.

The Court recognizes that, in *Redden v. SCI Colorado Funeral Services*, 38 P.3d 75, 80 (Colo. 2001), the Colorado Supreme Court later instructed that "[c]ourts should construe [nonparty] designation requirements strictly to avoid a defendant attributing liability to a non-party from whom the plaintiff cannot recover." *See also Loughridge v. Chiles Power Supply Co.*, 431 F.3d 1268, 1278 (10th Cir. 2005). However, this statement

of law was made "in the context of an allegation that a defendant was attempting to designate nonparties who owed no duty of care to the plaintiff." *Jennings v. A-1 Traffic Control & Barricade, Inc.*, No. 05-cv-01056-LTB-MEH, 2006 WL 8460329, at *1 (D. Colo. Apr. 12, 2006). In contrast, the employer here "did owe a duty of care, although violation of that duty is handled through the statutory worker's compensation scheme." *Id.* Therefore, applying *Redden*'s pronouncement to these facts would take it entirely out of context.

In support of his argument, Plaintiff cites *White v. Kaiden*, No. 05-cv-01294-PSF-MEH, 2006 WL 8460370 (D. Colo. Apr. 6, 2006). But that case concerned "a ski area's statutory protection from a liability action that involves an injury caused by an inherent danger and risk of skiing, pursuant to the Colorado Ski Safety Act, Colo. Rev. Stat. § 33-44-101 to -114." *Id.* at *2. Thus, it is distinguishable from the worker's compensation framework, which is an "'informal means' of obtaining recovery against the employer." *Jennings*, 2006 WL 8460329, at *1. A statutory employer is "not like a completely immune party," as was the case in *White*. *See id.*

**B. Prima Facie Case**

Plaintiff next argues that Defendants made "no attempt to allege [the] nonparty's fault through the elements required to demonstrate negligence." *Motion* [#18] at 4. Pursuant to § 13-21-111.5(3)(b), Defendants set forth their "brief statement of the basis for believing such nonparty to be at fault" as follows:

> [U]pon information and belief and at all times relevant, Plaintiff was employed by and was acting within the course and scope of his employment with Cx2 Ag Producers. Cx2 Ag Producers: (1) had a duty to use reasonable care; (2) had a duty to provide adequate training, supervision, and instruction regarding workplace safety procedures associated with the relevant tasks Plaintiff was performing at the time of the incident;

> (3) breached its respective duties of care by engaging in, or failing to engage in, the actions that resulted in Plaintiff's alleged injuries and damages, if any; and (4) the breach of their respective duties may have caused Plaintiff's alleged injuries and damages, if any. Had Cx2 Ag Producers properly ensured that Plaintiff was adequately trained and prepared to perform his job duties safely, the incident and Plaintiff's alleged injuries, if any, would not have occurred. As such, Plaintiff has a viable claim for negligence and can recover from Cx2 Ag Producers.

*Notice of Designation* [#15] at 2-3. Plaintiff faults the designation for offering "nothing more than broad allegations of potential nonparty fault based on potential actions or inactions of inadequate training without any reference to any specific act or inaction that constitutes actual negligence." *Motion* [#18] at 4.

A designation must contain facts sufficient to "satisfy all the elements of a negligence claim." *Redden*, 38 P.3d at 81; *see also Stone v. Satriana*, 41 P.3d 705, 709 (Colo. 2002) (interpreting *Redden* to require that designations "establish a prima facie case" against the nonparty). "A party seeking to designate a nonparty at fault need not prove the nonparty's fault or negligence, but the submission must 'go beyond bald allegation'; that is, '[a] proper nonparty designation connects alleged facts with the established elements of negligence.'" *U.S. Welding, Inc. v. Tecsys, Inc.*, No. 14-cv-00778-REB-MEH, 2015 WL 300419, at *3 (D. Colo. Jan. 22, 2015) (quoting *Redden,* 38 P.3d at 81). "Because 'a designation of non-parties must give a plaintiff sufficient notice of the non-parties' conduct so that plaintiff can prepare to address it,' such designation must at minimum 'set forth facts sufficient to permit a plaintiff to identify the transaction or occurrence which purportedly leads to the non-party's fault.'" *Winden v. Black*, No. 23-cv-02684-DDD-MDB, 2025 WL 4099877, at *2 (D. Colo. July 29, 2025) (quoting *Resolution Trust Corp. v. Deloitte & Touche,* 818 F. Supp. 1406, 1409 (D. Colo. 1993)).

The Court finds that Defendants' designation sufficiently sets forth allegations that, if true, support each element of a prima facie case of negligence. Defendants plead that Cx2 Ag Producers had a duty to provide adequate training, supervision, and instruction to Plaintiff regarding workplace safety procedures. *Notice of Designation* [#15] at 2-3. The designation provides that Cx2 Ag Producers failed to adequately train, supervise, or instruct Plaintiff, and if it had done so, the collision would not have occurred. *Id.* Therefore, the designation meets the requirements set forth in Colo. Rev. Stat. § 13-21-111.5 and puts Plaintiff on sufficient notice of the transaction or occurrence which Defendants assert contributed to Cx2 Ag Producers' fault. *See Winden*, 2025 WL 4099877, at *3.

Further, it is well established that Defendants need not prove causation at this stage in the proceedings. *McGraw v. Cobra Trucking Inc.*, No. 20-cv-01032-NYW, 2020 WL 7230637, at *3 (D. Colo. Dec. 8, 2020). Plaintiff initiated this action in state court on September 25, 2025. *Compl.* [#5]. The Court did not set a Scheduling Conference until January 21, 2026. *Order Setting Scheduling Conference* [#12]. Therefore, Defendants were required to timely designate potential nonparties without the benefit of discovery. At that early stage, and without such discovery, the Court declines to fault Defendants for failing to flesh out exactly which component of Cx2 Ag Producers' safety training was lacking. *See Allstate Vehicle & Prop. Ins. Co. v. Home Depot U.S.A., Inc.*, No. 24-cv-01327-PAB-NRN, 2024 WL 4602834, at *3 (D. Colo. Oct. 29, 2024); *see also McGraw*, 2020 WL 7230637, at *5 ("[W]hen considering designations challenged at an early stage of the proceedings (as opposed to on summary judgment or at trial), courts in this district have required no more" than "allegations sufficient to support a prima facie case of negligence under Colorado law.").

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#18] is **DENIED**.

Dated: September 22, 2026

BY THE COURT:



Kathryn A. Starnella
United States Magistrate Judge